UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:12-79-KKC-16 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| REGINALD LARON JONES, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant's motion for compassionate release. On August 23, 2019, Defendant Reginald Laron Jones was sentenced to 27 months imprisonment and a term of supervised release to expire on November 8, 2025, pursuant to a judgment for revocation of supervised release. (DE 1404.) On June 30, 2020, Defendant filed a motion expressing his concerns about his current medical condition and the disease caused by the novel coronavirus, COVID-19, and requesting that the Court release him to home confinement or grant him compassionate release. (DE 1436.)

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), a motion for compassionate release could only be brought by the director of the Bureau of Prisons, not the defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has recently reaffirmed that a judge cannot make any exceptions to the requirement that prisoners comply with the statutory conditions prior to being granted court relief, because "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

As an initial matter, the extent to which Defendant requests that the Court modify his sentence to allow him to serve his remaining term of imprisonment in home confinement, the Court has no authority to do so. The Bureau of Prisons is the entity that has the authority to designate the place of a prisoner's imprisonment, not the Court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). The Court would have no objection to any such relief that the BOP may find appropriate.

Even assuming that Defendant has satisfied the statute's exhaustion requirement,[1] his motion fails on the merits. § 3582(c)(1)(A) requires that the Court find that "extraordinary and compelling reasons warrant" a modification to a defendant's sentence, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement that, in the relevant part, allows a court to grant compassionate release or a sentence reduction only where, "(1) extraordinary or compelling reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the safety of others or the community, and (3) release from

---

[1] As the Sixth Circuit recently determined, a district court has subject-matter jurisdiction to resolve a motion for compassionate release even if the defendant files the motion before meeting either of the two conditions to court relief stated in the statute. *Alam*, 960 F.3d at 833.

custody complies with § 3553(a) factors." *United States v. Lake*, 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)).

In support of his argument that he should be released from custody, Defendant reports that he has a chronic skin condition. (DE 1436 at 1.) The Court does not make light of Defendant's condition, which the government concedes is serious and painful. (DE 1439 at 6.) However, even in the context of the ongoing public health crisis, Defendant has failed to establish that "extraordinary or compelling reasons warrant" his release from custody. While the medical condition of a defendant may in certain circumstances establish the requisite "extraordinary and compelling reasons," Defendant has not shown that he "is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or "is suffering from a serious physical or medical condition,… serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes [his] ability… to provide self-care within the environment of a correctional facility and from which he… is not expected to recover." U.S.S.G. §1B1.13, comment. (n.1) (2018).[2]

Accordingly, the Court hereby ORDERS that Defendant's motion for compassionate release (DE 1436) is DENIED.

Dated July 15, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[2] "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *Lake*, 2019 WL 4143293, at *2 (citation and internal quotation marks omitted).